[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12635

_____

BIA No. A79-470-801

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2006
THOMAS K. KAHN
CLERK

MANUEL JOSE CORREDOR VARGAS,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 28, 2006)

Before TJOFLAT and CARNES, Circuit Judges, and HODGES,[*] District Judge.

PER CURIAM:

Manuel Jose Corredor Vargas, a native of Colombia who first entered the

United States as a non-immigrant student in February 2001, was ordered removed

_____

[*] Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

from the United States to Colombia in 2004. He petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) order of removal, and denying his motion to reconsider based on a change of marital status. We dismiss Vargas' petition for lack of jurisdiction as to the BIA's July 15, 2005 order denying his "Motion to Reconsider" and deny the remainder of the petition.

In September 2001, the Immigration and Naturalization Service (INS) served Vargas with a notice to appear, charging him with removability as an alien who failed to comply with the terms of his non-immigrant status. In July 2003, allegedly Vargas married a U.S. citizen. He appeared at a November 2003 hearing, and was granted a continuance based on his wife's pending immediate-relative visa application. At that time, the next hearing date was set for May 21, 2004, Vargas was orally notified of that hearing date, and a written notification of the hearing was subsequently sent to Vargas' counsel.

Vargas failed to appear at the hearing on May 21, 2004. At that hearing, the IJ found that Vargas had been properly notified of the date of the hearing, found no exceptional circumstances for Vargas's failure to appear, and conducted the removal hearing *in absentia*. The IJ found that Vargas had abandoned his pending applications and ordered him removed to Colombia.

On July 14, 2004, Vargas filed a motion to reopen, stating that he had been unaware that he had a court date on May 21st. He argued that he did not have a copy of the notice of the hearing, that his attorney never contacted him to inform him of his court date, and that he had made several unsuccessful attempts to contact his attorney. He further stated that he had applied for a visa based on an adjustment of status as an immediate relative (his wife) of an American citizen. On August 4, 2004, the IJ denied the motion to reopen because Vargas was present at the November hearing, where he was given oral notice of the next hearing date. The IJ also found that written notice was served on the attorney of record, who stated that he was unable to contact Vargas.

In October 2004, Vargas appealed to the BIA, arguing that although he was aware that he had to appear at the removal hearing, he did not know that the exact date was May 21, 2004. He further argued that his motion to reopen was based partly on an adjustment of status based on marriage, and, as part of the relief requested from the BIA, he asked for an opportunity to submit evidence that he had a *bona fide* marriage.

On April 21, 2005, the BIA issued its decision, adopting and affirming the decision of the IJ. The BIA held that Vargas had failed to meet the requirements to rescind the *in absentia* order as set forth in INA § 240(b)(5)(C), 8 U.S.C.

§ 1229(b)(5)(C), because proper notice was provided to his counsel, and none of the circumstances identified by Vargas constituted "exceptional circumstances as contemplated by the Act."

The BIA further found that: (1) the visa petition on the ground of his recent marriage had been filed *prior to* his scheduled hearing, and he waived his right to continue his removal proceedings when he failed to appear at the May 21st hearing; (2) the motion to reopen filed with the IJ was not supported by the required completed application; and (3) the motion was not supported by clear and convincing evidence of the *bona fides* of the marriage to warrant reopening.

On May 12, 2005, Vargas filed a "Motion to Reconsider" the BIA's decision, seeking to introduce "new evidence" of the *bona fides* of his marriage. Also on May 12, he filed a Notice of Appeal in this Court relating to the April 21, 2005 order of the BIA. The BIA denied the motion to reconsider on July 15, 2005, reasoning that the "new evidence" was not actually "new," as "virtually all of the documents are dated in 2004, and could have been submitted during the pendency of the appeal." Vargas did not file a second petition for review in this Court, addressing the BIA's July 15, 2005 order.

On appeal, Vargas argues that the BIA erred because: (1) it was based on an erroneous finding that he was ineligible for relief for failure to provide proof on his

4

application that his marriage was *bona fide*; (2) the IJ held no hearing to assess the validity of his marriage, and (3) the BIA abused its discretion by giving no rational explanation for its affirmance of the denial of his motion to reopen.

As an initial matter, there was no reversible error by the BIA denying Vargas' motion to reopen and adopting the IJ's findings that Vargas had received proper notice of the removal hearing that he had failed to attend, leading to the IJ entering the removal order *in absentia*. The IJ specifically found that, despite Vargas' alleged lack of communication with his attorney, Vargas had been given oral notice of the May 21, 2004 hearing during the November 2003 hearing he did attend. *See* 8 U.S.C. § 1229a(b)(5)(D) (noting that a petition for review challenging an order entered *in absentia* is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable"); Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). The BIA thus did not abuse its discretion by affirming the IJ's denial of Vargas' motion to reopen the removal proceedings on that ground. See Lonyem, 352 F.3d at 1341 (finding no abuse of discretion in the denial of motion to reopen removal proceeding where removal order was issued *in absentia*).

5

The BIA did also not abuse its discretion by affirming the IJ's denial of Vargas's motion to reopen the hearing based on his asserted marital status change. "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Evidence of Vargas' marriage was not new factual evidence to support a successful motion to reopen. Vargas was married in July 2003, which was obviously known to him when he attended the November 2003 hearing. Although he informed the IJ of his marriage at the November 2003 hearing, he failed to submit clear and convincing evidence that the marriage was *bona fide*. The only proof Vargas submitted as to the *bona fides* of his marriage was a receipt of his wife's "Petition for Alien Relative," and his "Application to Register Permanent Resident or Adjust Status." These items are insufficient to establish the requisite clear and convincing evidence that a marriage is *bona fide*. See Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (explaining requirements to demonstrate clear and convincing evidence that a marriage is *bona fide*, such as the submission of a copy of the marriage certificate, an affidavit of how long applicant had known his spouse, etc.). As such, the BIA did not err by affirming the IJ's denial of reopening on this ground as well.

6

Vargas argues that the BIA erred by denying his May 12, 2005 "Motion to Reconsider." We lack jurisdiction to review the BIA's July 15, 2005 order denying Vargas' Motion to Reconsider to the BIA because Vargas has failed to file a separate petition to review it in this Court. At the time he filed the May 12, 2005 petition in this Court, his Motion to Reconsider had not yet been ruled upon by the BIA and was thus not final. See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 395, 115 S.Ct. 1537, 1544 (1995) (stating that a petitioner must "file a separate petition to review that second final order"). Accordingly, that order is not properly before this Court.

We therefore dismiss the petition relating to review of the BIA's July 15, 2005 order and deny the remainder of the petition.

**PETITION DISMISSED IN PART AND DENIED IN PART.**